NO. 07-10-0011-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 NOVEMBER 9, 2010

 BERNIE MAC WALL AKA BERNIE MACK WALL, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 355TH DISTRICT COURT OF HOOD COUNTY;

 NO. CR11138; HONORABLE RALPH H. WALTON, JR., JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Bernie Mac Wall a/k/a Bernie Mack Wall, was convicted by a jury of attempted
kidnapping, enhanced by prior felony convictions, for aggravated sexual assault by threats of
violence and force, burglary of a vehicle, and theft from a person.[1] He was sentenced to twenty
years confinement and fined ten thousand dollars. In presenting his appeal, counsel has filed an
Anders[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has conducted a conscientious
examination of the record and, in his opinion, the record reflects no potentially plausible basis to
support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why,
under the controlling authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the requirements of
Anders and In re Schulman by (1) providing a copy of the brief to Appellant, (2) notifying him of
his right to file a pro se response if he desired to do so, and (3) informing him of his right to
file a pro se petition for discretionary review. In re Schulman, 252 S.W.3d at 408.[3] Neither the
State nor Appellant filed a response to counsel's brief.

 By his Anders brief, counsel raises two arguable issues: (1) whether the evidence is legally
and factually sufficient to support the trial court's judgment[4] and (2) whether the trial court
erred by permitting a state jail felony offense to be punished as a second degree felony. Counsel
then candidly reviews each arguable issue and explains why no reversible error is presented.

 We have reviewed counsel's arguments and we have independently examined the entire record to
determine whether there are any non-frivolous issues which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252
S.W.3d at 409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such
issues. See Gainous v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). After reviewing the record
and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. See
Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is
affirmed.

 Patrick A. Pirtle
 Justice
Do not publish.

-----------------------
[1]See Tex. Penal Code Ann. § 20.03 (Vernon 2003); Id. at §§ 12.35(c), 12.42(a)(3) (Vernon Supp.
2010).

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]Notwithstanding that Appellant was informed of his right to file a pro se petition for
discretionary review upon execution of the Trial Court's Certification of Defendant's Right of
Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides
that counsel shall within five days after this opinion is handed down, send Appellant a copy of the
opinion and judgment together with notification of his right to file a pro se petition for
discretionary review. Tex. R. App. P. 48.4. See In re Schulman, 252 S.W.2d at 408 n.22 & 411 n.35.

[4]See Brooks v. State, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at *57 (Tex.Crim.App. Oct.
6, 2010) (abandoning factual sufficiency as an evidentiary sufficiency standard).